**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**
BALTIMORE DIVISION

|  |  |
|---|---|
| | * |
| **MARCUS BLOUNT** | |
| PLAINTIFF | |
| | * |
| Vs. | Civil Case.: **1:12-cv-01058-WMN** |
| | * |
| **MARYLAND SKATING, LLC**, et al | |
| | * |
| DEFENDANTS | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**NOW COMES**, Marcus Blount, "Plaintiff", by his undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(f), moves for this Honorable Court to strike, Defendant's Affirmative Defenses. In support thereof state:

### I.      Background

At all times material, and on the date and time of the incident complained of, Defendants, Maryland Skating, LLC d/b/a Hot Skates an Ohio Limited Liability Company (hereinafter "Hot Skates") and 1708-1716 Whitehead, LLC, were corporate and/or business entities for profit organized and existing under the laws of the State of Maryland.

Hot Skates is a roller skating rink that caters to young people who pay a fee to enter the premises for the purpose of roller skating.

The actual building housing Hot Skates is owned by Defendant 1708-1716 Whitehead Road, LLC.

Defendant Hot Skates owned, managed, operated, maintained and controlled the subject property known and referred to as "Hot Skates", located at or about 1716 Whitehead Rd, Woodlawn, MD 21207.

Law Office Of



**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel:  (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

Defendant Kenya Vincent was hired by Defendant Hot Skates to manage the skating facility.

Defendant Hot Skates exercised jurisdiction and control over the purpose and operations of the subject property and its common areas and did employ agents, employees, officers, staff, administrators, representatives, servants, and/or security personnel and said Defendants exercised jurisdiction and control over the procedures which said agents, employees, officers, staff, administrators, representatives, servants and/or security personnel, had the privilege and obligation to perform, and said Defendants determined the qualifications or lack of qualifications of said agents, employees, staff, administrators, representatives, servants and security personnel as the same related to those procedures and duties which were devised by said Defendants for the aforementioned agents, employees, staff, administrators, representatives, servants, and/or security personnel; or alternatively, said agents, employees, staff, administrators, representatives, servants, and/or security personnel, worked in a common effort for the economic benefit for the aforementioned Defendants herein.

On or about October 30, 2011, Hot Skates opened its doors to the public to enter the premises and roller skate.

Despite having a policy to search each person for weapons, most patrons were not searched.

Around 12:15 a.m. on October 30, 2011, Plaintiff, was an invitee and lawfully on the premises of the subject property known as "Hot Skates" located at 1716 Whitehead Rd, Woodlawn, MD 21207 for the purposes of roller skating. Specifically, on the aforementioned date and time, Plaintiff was approached by unknown male inside of Hot Skates, who stabbed Plaintiff with a knife.

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue**
**Baltimore, MD 21218**
**Tel: (410) 662-1230**
**Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

2

The Defendant did not conduct any pat down and searches during the event.

Moreover, the Defendant Hot Skates provided insufficient security required to search each person entering the building.

On the aforementioned date and location, there were multiple fights and disturbances inside of Hot Skates; specifically, the crowd was so out of control the party was closed down by Manager Kenya Vincent after observing that security was overwhelmed.

The Defendant purchased or leased Hot Skates within a year after a predecessor was closed, named "Skateworks," primarily due to incidents involving rape of a 12 year old girl in August of 2010, insufficient security, rowdiness and violence.

## II. Defendant's Answer

On April 27, 2012, Defendant's through counsel filed an Answer to Plaintiff's Complaint. In their Answer, they assert eleven (11) Affirmative Defenses.

For reasons stated *infra*, the Affirmative Defenses fail to comply with Fed. R. Civ. P. 8, as set forth in ***Ashcroft v. Iqbal***, 129 S. Ct. 1937 (2009) and ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007).

## III. Standard of Review

Pursuant to Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." Hanzlik v. Birach, 2009 U.S. Dist. LEXIS 63091, at *8 (E.D. Va. July 14, 2009) (citing Microsoft Corp.v. Computer Support Servs. of Carolina, Inc., 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000)).

Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

Thus, a defense may be stricken if it does not meet the pleading requirements of Rules 8 and 9. See *McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010). The district court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan.2009).

## IV. Argument

### A. THE DEFENDANT'S AFFIRMATIVE DEFENSES FAIL TO COMPLY WITH THE HEIGHTENED PLEADING REQUIREMENT.

Plaintiff seeks to have stricken the following Affirmative Defenses:

### FIRST DEFENSE

**"The Complaint fails to state a claim upon which relief may be granted."**

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

### THIRD DEFENSE

**"The claims are barred due to the Plaintiff's sole and/or contributory negligence and/or notice."**

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

### FOURTH DEFENSE

**"The causes of action, if any, are barred by the applicable statute of limitations."**

Law Office Of



**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel:  (410) 662-1230
Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

### FIFTH DEFENSE

**"The causes of action, if any, are barred by the doctrine of assumption of the risk."**

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

### SIXTH DEFENSE

**The alleged injuries and/or damages, if any, were caused or proximately caused by the superseding and/or intervening acts or negligence of others for whom these defendants are not responsible.**

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

### SEVENTH DEFENSE

**"Plaintiff's claims are or may be barred by the doctrines of waiver and/or estoppel."**

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true. Moreover, it is insufficient and nothing more than a bare legal conclusions See *Palmer v. OAKLAND FARMS, INC*., Dist. Court, WD Virginia 2010 citing *Builders Bank v. First Bank & Trust Co*., 2004 U.S.Dist. LEXIS 5016, *17-18 (NDIll. 2004) (courts have "consistently struck" the defenses of waiver, estoppel and laches "when they are insufficiently pled").



Law Office Of

**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

## EIGHTH DEFENSE
### "Plaintiff has, or may have, failed to mitigate her damages."

The Defendant failed to plead how the Plaintiff failed to mitigate his [sic] damages and therefore fails to meet the *Twombly-Iqbal* minimum pleading standards. Defendant's Affirmative defense is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

## NINTH DEFENSE
### "The injuries and damages alleged by plaintiff, if any, were not caused or proximately caused by any acts and/or omissions of these defendants or their agents, representatives or employees."

This Affirmative defense fails to meet the *Twombly-Iqbal* minimum pleading standards; is too conclusory to provide fair notice to the plaintiff, and fails to contain a factual basis entitling it to be assumed true.

## TENTH DEFENSE
### "The Defendants will rely upon all defenses lawfully available to them, including, but not limited to, those already asserted herein."

The Defendant's tenth Affirmative Defense is improper and should be stricken. Rule 15(a) permits the defendants to seek leave to amend their answer to assert the defense, and such leave will be liberally granted unless the amendment would somehow cause unfair prejudice. *See Zenith Radio Corp. v. Hazeltine Research, Inc*. 401 U.S. 321, 330-331 (1971).

## ELEVENTH DEFENSE
### "Defendants reserve the right to assert each and every additional defense, including affirmative defenses, that may become available during the course of discovery."

The Defendant's eleventh Affirmative Defense is improper and should be stricken. Rule 15(a) permits the defendants to seek leave to amend their answer to assert the defense, and such leave will be liberally granted unless the amendment would somehow

Law Office Of



JESSIE LYONS CRAWFORD, LLC

**2601 Maryland Avenue**
**Baltimore, MD 21218**
**Tel:  (410) 662-1230**
**Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

cause unfair prejudice. *See Zenith Radio Corp. v. Hazeltine Research, Inc*. 401 U.S. 321,

330-331 (1971).

The Defendants have failed to satisfy the heighten pleadings requirements of

***Ashcroft v. Iqbal***, 129 S. Ct. 1937 (2009) and ***Bell Atlantic Corp. v. Twombly***, 550

U.S. 544 (2007), which require that the Defendant's to fairly respond to the substance of

the allegations.

In Re: *Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532 - Dist. Court, D.*

*Maryland 2010*, The Honorable Judge Richard Bennett of this Court opined that:

"This Court agrees with the reasoning employed by the courts that have applied the
plausibility standard to affirmative defenses. Similar language is used in Rule 8 to
describe the requirements for pleading both claims in a complaint and defenses in an
answer. Compare Rule 8(a)(2) (requiring a pleader stating a claim for relief to provide "a
short and plain statement of the claim showing that the pleader is entitled to relief") with
Rule 8(b)(1)(A) **(requiring a responding party to "state in short and plain terms
its defenses to each claim asserted against it").**"

Further in his Opinion Judge Bennett ruled that:

".....Rule 8(b)(2) provides that "a **denial must fairly respond to the substance of
the allegation**." Pleading requirements are intended to ensure that an opposing party
receives fair notice of the factual basis for an assertion contained a claim or defense.
Thus, the interests of consistency and fairness are furthered by holding defendants to the
plausibility standard, and plaintiffs are entitled to receive proper notice of defenses in
advance of the discovery process and trial."

Judge Bennett relied in part in the *Palmer v.Oakland Farms, Inc.,* 2010 U.S. Dist.

LEXIS 63265, at *4 (W.D. Va. June 24, 2010) which stated that:

"Despite these relevant countervailing arguments, the considerations of fairness,
common sense and litigation efficiency underlying Twombly and Iqbal strongly suggest
that the same heightened pleading standard should also apply to affirmative defenses.
With complaints and with defenses, the purpose of pleading requirements is the same. It
is to give fair notice to the opposing party that there is some plausible, factual basis for
the assertion and not simply to suggest some possibility that it might apply to the case.
See Shinew v. Wszola, 2009 U.S.Dist. LEXIS 33226, *8 (EDMich. 2009). To require less
of a defendant sets the pleading bar far too low. See generally Moss v. United States
Secret Serv., 572 F.3d 962, 968 (9th Cir. 2009)."



Law Office Of
**JESSIE LYONS
CRAWFORD,
LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

**attorneyjlcrawford@verizon.net**

The opinion goes on to state that:

"A requirement that an affirmative defense be pleaded in accordance with the Twombly-Iqbol standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts. Such a requirement is in no way inconsistent with Rule 8(a)(2)'s "short and plain statement of the claim" language. Likewise, is neither inconsistent with Rule 8(b)(1)(A)'s requirement that a defendant "state in short and plain terms its defenses to each claim" nor with Rule 8(d)(1)'s requirement that all pleadings be "simple, concise, and direct."

In light of the foregoing premises, it is abundantly clear that the Defendant's responses are woefully inadequate and should therefore be stricken.

## V. Conclusion

In light of the foregoing, This Court should strike Affirmative Defenses One (1); Three(3); Four(4); Five (5); Six (6); Seven (7); Eight (8); Nine (9); Ten (10) and Eleven (11) as plead by the Defendant's in their Answer.

**WHEREFORE**, Plaintiff respectfully request that this Court GRANT the relief sought and for other relief as may be deemed just and proper.

Respectfully Submitted,

**MARCUS BLOUNT**

By:    THE LAW OFFICES OF JESSIE LYONS
CRAWFORD, LLC

Jessie Lyons Crawford, Esq.
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net

COUNSEL TO PLAINTIFF

Law Office Of

**JESSIE LYONS
CRAWFORD,
LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that Plaintiff's Motion to Strike Affirmative Defenses was

mailed on this ____28th____ day of __April__, 2012, ***via the court's electronic noticing***

***system*** to:

Angela Russell, Esquire
Gregory Scott Savage, Esquire
Wilson Elser Moskowitz Edelman & Dicker LLP
500 East Pratt Street
Suite 600
Baltimore, MD 21202
***Via Electronic Notice***

_____
Jessie Lyons Crawford, Esq

Law Office Of

**JESSIE LYONS
CRAWFORD,
LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net

9

**IN THE UNITED STATES DISTRICT COURT OF MARYLAND**
BALTIMORE DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**MARCUS BLOUNT**<br>PLAINTIFF</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Vs.</td><td></td><td>Civil Case.: **1:12-cv-01058-WMN**</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**MARYLAND SKATING, LLC**, et al</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>DEFENDANTS</td><td>*</td><td></td></tr>
</table>

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

Upon consideration of Plaintiff's Motion to Strike Defendant's Affirmative Defenses, it appearing that the Defendants have failed to comply with the heightened pleading requirements of **_Ashcroft v. Iqbal_**, 129 S. Ct. 1937 (2009) and **_Bell Atlantic Corp. v. Twombly_**, 550 U.S. 544 (2007),

it is hereby this_____day of _____, 2012, ORDERED that the Motion is GRANTED, and it is further

ORDERED that Affirmative Defenses' One (1); Three(3); Four(4); Five (5); Six (6); Seven (7); Eight (8); Nine (9); Ten (10) and Eleven (11) are hereby STRICKEN, with leave to Amended by _____Day of _____, 2012.

 

 

_____
Honorable William Nickerson

cc:
Jessie Lyons Crawford, Esq.
Angela Russell, Esq.
Gregory Savage, Esq.

Law Office Of
**JESSIE LYONS CRAWFORD, LLC**

**2601 Maryland Avenue
Baltimore, MD 21218
Tel: (410) 662-1230
Fax: (410) 662-1238**

attorneyjlcrawford@verizon.net